OPINION
On February 16, 1993, the Stark County Jury indicted appellant, Randy Brown, on two counts of felonious sexual penetration in violation of R.C. 2907.12 and two counts of gross sexual imposition in violation of R.C. 2907.05. The indictment contained a force specification. Said charges arose from incidents involving appellant's girlfriend's daughter, a minor under the age of thirteen.
A jury trial commenced on October 6, 1993. The jury found appellant guilty as charged. By judgment entry filed October 20, 1993, the trial court sentenced appellant to life imprisonment with parole eligibility after ten years.
On June 25, 1997, a hearing was held to determine appellant's status pursuant to the Sex Offender Registration Act, R.C. Chapter 2950. By judgment entry filed July 22, 1997, the trial court classified appellant as a "sexual predator."
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. 2950.09 WHEN THE EVIDENCE DID NOT SUPPORT SUCH A FINDING, THEREBY VIOLATING HIS DUE PROCESS RIGHTS UNDER THE U.S. AND OHIO CONSTITUTION.
II
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. 2950.09 IN VIOLATION OF ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AND THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION.
III
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. 2950.09 IN VIOLATION OF HIS EIGHTH AMENDMENT RIGHT AGAINST CRUEL AND UNUSUAL PUNISHMENT.
IV
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. 2950.09 IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION, DOUBLE JEOPARDY CLAUSE.
V
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. 2950.09 IN VIOLATION OF THE APPELLANT'S SUBSTANTIVE DUE PROCESS RIGHTS.
VI
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY CLASSIFYING HIM AS A SEXUAL PREDATOR PURSUANT TO O.R.C. 2950.09 IN VIOLATION OF THE APPELLANT'S RIGHT TO PRIVACY.
 I
Appellant argues the trial court's classification was against the weight and sufficiency of the evidence. We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. We find this to be the applicable standard as the Cook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limtied to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses, including, but not limited to, all sexual offense;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In its judgment entry of July 22, 1997, the trial court did consider the above factors. The trial court noted this case involved a five year old victim. The bill of particulars filed March 24, 1993 indicates from February 1, 1992 to July 5, 1992, appellant digitally penetrated the vaginal and anal areas of the victim. Appellant also fondled the victim's buttocks and vaginal area. The trial court noted appellant was the boyfriend of the victim's mother. The trial court determined this special relationship permitted appellant to take advantage of the victim "sexually based upon her relationship with him and her age." The trial court noted the defense psychologist admitted "defendant would be classified as a pedophile if he was, in fact, guilty." The trial court noted the jury found appellant guilty beyond a reasonable doubt. Based upon the above factors, the trial court concluded appellant should be classified as a "sexual predator" as defined in R.C. 2950.01(E).
Based upon our review of the record, we find the trial court's conclusion is supported by clear and convincing evidence and is not against the manifest weight of the evidence.
Assignment of Error I is denied.
 II, III, IV, V, VI
This court has previously reviewed these arguments in Statev. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and Frederick A.McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignments of error from these opinions herein.
Assignments of Error II, III, IV, V and VI are denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.